IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FILED

6/30/2016                Time

Date    CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CHARLIE FITZGERALD III, individually
and on behalf of all others similarly situated,

      Plaintiff,

v.

UNIVERSAL PICTURES, INC., a Delaware Corporation;

      Defendant.

CASE NO.:

6:16-CV-1193-ORL-41 DAB

CLASS ACTION

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) AND DEMAND FOR JURY TRIAL

Plaintiff, CHARLIE FITZGERALD III, on behalf of himself and all others similarly situated, alleges the following:

### INTRODUCTION

1.  Plaintiff CHARLIE FITZGERALD III, (hereinafter "Mr. Fitzgerald" or "Plaintiff") individually and on behalf of all others similarly situated, brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of UNIVERSAL PICTURES, INC. ("Defendant" or "Universal") in negligently and/or intentionally or willfully contacting Plaintiff's cellular telephone(s) in direct contravention and violation of

the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA"), thereby invading Plaintiff's privacy.

2.  The TCPA prohibits, among other practices, unsolicited text messages (or "SMS" messages) to cellular telephones without prior express consent within the meaning of the TCPA. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction under 28 U.S.C. §1331. This case involves a question of Federal law, 47 U.S.C. § 227, et seq. (TCPA). Damages and injunctive relief are available under 47 U.S.C. § 227(b)(3). Venue is proper in this District because Defendant engages in business in this district and a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

4.  Mr. Fitzgerald is a natural person who, at all times relevant herein, is and was a resident of Orange County, Florida. Mr. Fitzgerald is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

5. Upon information and belief, Plaintiff alleges that Defendant UNIVERSAL PICTURES, INC. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 100 Universal City Plz Universal City, CA, 91608. Plaintiff is further informed and believes that Defendant is a division of Universal City Studios, LLC. Universal is a film studio, primarily focusing on producing and distributing films around the world and in the United States.

6. Defendant Universal is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

THE TELEPHONE CONSUMER PROTECTION ACT

7. Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. Consistent with its purpose, the TCPA regulates, among other things, the use of prerecorded messages and use of text or "SMS" messaging. The TCPA was designed to prevent calls like the ones described within this complaint and to protect of the privacy of citizens. "Voluminous consumer complaints about abuses of telephone technology…prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

9. By enacting the TCPA, Congress made particular and specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243. § 7

10. To effectuate such findings, Congress found that, except in "emergency situations" or where the receiving party consents to such calls, "[b]anning…automated or prerecorded telephone calls…is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC,* 2012 WL 3292838 at* 4 (N.D. Ill. Aug. 10, 2012)(citing Congressional findings on TCPA's purpose); *Lardner v. Diversified Consultants Inc.,* 17 F.Supp.3d 1215 (S.D. Fla. 2014)(Same).

11. Specifically, Congress found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* At §§ 12-13. *See also, Mims, 132 S. Ct. at 744.*

12. Relevant to the present case, the FCC issued a declaratory opinion in June 2015 confirming, among other things, that 1) internet-to-phone text messages require consumer consent; and 2) text messages are "calls" subject to the TCPA, reaffirming a previous declaratory opinion. Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 F.C.C. Rcd 7961(2015).

## FACTUAL ALLEGATIONS

13. Plaintiff fully incorporates by reference all previous paragraphs.

14. Universal operated and continues to operate as the production company and United States distributor for the movie *Warcraft*, a fantasy filmed that has grossed hundreds of millions of dollars around the world.

15. Universal released *Warcraft* in the United States on June 10, 2016.[1]

16. At no time did Plaintiff provide his cellular telephone number to Defendant through any medium or give consent to receive calls or text messages from any of the named Defendant.

17. Defendant sent Plaintiff a text message notwithstanding the fact that Plaintiff had never provided his cellular telephone number to Defendant or given any consent to receive phone calls from Defendant, including text messages.

18. On or about June 17, 2016, Defendant sent an unsolicited text message to Plaintiff as seen on the next page:

---

[1] http://www.warcraftmovie.com/



‹ Messages (1)  +1 (213) 204-5878

Hello from the Warcraft Movie team. You are one of the chosen few invited to join the fight today. Will you lead the Horde or Alliance to victory? (Horde / Alliance)

Find a theater near you & reserve tickets now: http://bit.ly/warcraft14

Reply stop to opt-out.

19. This text, described above, was unsolicited and unexpected by Plaintiff.  Plaintiff, prior to

the receipt of the spam text message, had not provided his cellular telephone number to

Defendant or given consent to receive any calls or text messages from Defendant.

20. The link on the text message (http://bit.ly/warcraft14) takes consumers to a website page

personalized for the movie *Warcraft*, where consumers are solicited to purchase movie tickets

for the movie.

21. Upon information and belief, the phone number used to send the unsolicited text is owned by Twilio, a California communications company. Twilio allows users to programmatically send text messages and phone calls, and is often used by large companies for "mobile marketing" through text messages. In fact, Twilio provides clients with a tutorial on effective mass, mobile marketing.[2]

22. Given the pervasive and prevalent usage of mass, mobile marketing that violates TCPA protections, as Defendant has done here, Twilio provides clients with warnings to not use their service to violate the TCPA.[3]

23. But, by sending unsolicited text messages without express consent and not pursuant to an ongoing emergency, Defendant did in fact use Twilio's mass, mobile marketing capabilities to violate the TCPA.

24. Twilio uses automated dialers ("ATDS"), as defined by the TCPA, in order to engage in mass marketing. Twilio states several times that their system, used in this case by Defendant, is an automated dialing system.[4]

25. Twilio was the platform that Defendant used in order to effectuate their scheme of sending unsolicited text messages. Alternatively, Twilio operated as Defendant's agent in enacting said scheme.

---

[2] https://www.twilio.com/docs/tutorials/walkthrough/marketing-notifications/node/express#0
[3] https://www.twilio.com/legal/aup
[4] *See, e.g.,* https://www.twilio.com/elements/voice-broadcasting;
https://www.twilio.com/blog/2011/06/impact-dialing.html

26. Through this conduct, Defendant contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

27. Upon information and belief, this ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28. The unsolicited text messages were sent pursuant to a common telemarketing scheme for which Defendant did not obtain the necessary consent required by the TCPA.

29. The telephone numbers Defendant called were assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

30. The telephone numbers Defendant called were assigned to numbers for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

31. The unsolicited text message constitutes a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i), and for which they did not receive consent, pursuant to 47 U.S.C. § 227(b)(1)(A).

32. The unsolicited text message introduced "material advertising the commercial availability...of [goods or services]" in that it marketed the availability of promotional services and movie tickets for the movie at issue. 47 C.F.R. § 64.1200(f)(1).

33. The unsolicited text message was "telemarketing" under the TCPA because it was initiated for the purpose of encouraging the purchase of "goods and services" as defined by the TCPA. 47 C.F.R. § 64.1200(f)(12).

34. The text message sent by Defendant, or their agent, described above violated 47 U.S.C. § 227(b)(1).

35. Alternatively, Defendant is vicariously liable for violating the TCPA due to the actions of their agent(s), specifically Twilio, who owned the number from which Plaintiff received his text message.

36. The Eleventh Circuit has held numerous times that vicarious liability attaches where a sufficient agency relationship exists. *See CFTC v. Gibraltar Monetary Corp.*, 575 F.3d 1180 (11th Cir. 2009).

## CLASS ACTION ALLEGATIONS

37. Plaintiff fully incorporates by reference all previous paragraphs.

38. Plaintiff brings this action on behalf of himself and all others similarly situated ("the Class").

39. Defendant send unsolicited text messages without express, prior consent and not pursuant to an ongoing emergency, as a part of a general marketing scheme described herein, *supra* ¶ 26-33.

40. Plaintiff represents and is a member of the Class, consisting of:

> "All persons within the United States who received one or more text messages from Defendant or Defendant' agent(s) pursuant to a scheme substantially similar or identical to the text messaging scheme described in this Complaint, without prior express consent and not pursuant to emergency purposes, between June 24, 2012, and the certification of this class."

41. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class at this time, but, upon information and belief, as well as the investigation of his attorneys, believes the number to be in the thousands or tens of thousands, and perhaps more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

42. Plaintiffs and the members of the Class were harmed by actions of Defendant in at least, but not limited to, the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited spam text message(s), thereby invading the privacy of Plaintiff and the Class members. Plaintiff and the Class members were thereby damaged.

43. This suit, on behalf of the Class, seeks damages and injunctive relief for recovery of economic injury only. This suit is not intended to procure recovery for personal injury and/or related claims. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted through further investigation and discovery.

44. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits to both parties and to this Court. The Class can be specifically identified through Defendant' records, or through the records of Defendant' agent(s) and/or subsidiaries.

45. The commonality in questions of law and fact and the intersecting community of interests protected by the TCPA therein have been repeatedly established. The common questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

   a. Whether, within the four years prior to the filing of the Complaint, Defendant or its agents sent any unsolicited text message(s) to the Class (other than, as previously mentioned, any message made for emergency purposes or with the prior express consent of the called party, or any other statutory exception) using any automatic dialing and/or SMS texting system to any telephone number assigned to a cellular phone service;

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;

   c. Whether Defendant and its agents and/or subsidiaries should be enjoined from engaging in such conduct in the future; and

d.   Whether Plaintiff and the Class are entitled to any other relief.

46. As someone who received at least one unsolicited spam text message from Defendant without prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests antagonistic to any other member of the Class.

47. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for further harm. Additionally, these violations of law will be allowed to proceed without remedy and Defendant will thus likely continue such and substantially similar illegal conduct, including pertaining specifically to Plaintiff and class. Because of the nature of individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

48. Plaintiff has retained counsel experienced in handling class action claims, as well as claims involving violations of the TCPA.

49. A class action is the best method for the fair, efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and state law. The interest of Class members to individually control the prosecution of separate claims

against Defendant is small due to the minimal nature of the maximum statutory damages in an separate or individual action alleging invasion of privacy through violation of the TCPA.

50. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

51. Defendant have acted on grounds generally applicable to the Class, thus making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

COUNT I: NEGLIGENT VIOLATIONS OF THE TCPA 47 U.S.C. § 227 ET SEQ.

52. Plaintiff fully incorporates by reference all previous paragraphs.

53. The foregoing acts and omissions by Defendant and/or Defendant' agent(s) and/or subsidiaries constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

54. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Plaintiff and the Class are also entitled to and seek declaratory and injunctive relief prohibiting such conduct in the future.

## COUNT II: KNOWING AND/OR WILLFUL VIOLATIONS OF TCPA 47 U.S.C. § 227 ET SEQ.

56. Plaintiff fully incorporates by reference paragraphs 1-51.

57. The foregoing acts and omissions by Defendant and/or Defendant's agent(s) constitute numerous knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

58. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59. Plaintiff and the Class are also entitled to and seek declaratory injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### Count I: Negligent Violation of the TCPA, 47 U.S.C. § 227 Et Seq.

● As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

● Pursuant to 47 U.S.C. 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court deems just and proper

### Count II: Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future

- Any other relief the Court deems just and proper.

### TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America,

Plaintiff demands his right to a trial by jury.

By: ___/s/ Ed Normand_____

Edmund A. Normand, Esq.

FBN: 865590

Normand Law, PLLC

4551 New Broad Street

Orlando, FL 32814

407-603-6031

firm@ednormand.com

ed@ednormand.com